Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Michael T. Mason | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8025 | **DATE** | 4/3/2003 |
| **CASE TITLE** | Chgo Dist. Council of Carpenters PenFd vs. Wauconda Roofing et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, plaintiffs' second motion to enforce the settlement agreement [47-1] is granted in part and denied in part. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | APR 04 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | 60 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 4/3/2003 date mailed notice | |
| KF courtroom deputy's initials | | Date/time received in central Clerk's Office | KF mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHICAGO DISTRICT COUNCIL, ) <br> OF CARPENTERS PENSION FUND, ) <br> et al., ) <br>       Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> WAUCONDA ROOFING CO., INC., et al., ) <br> ) <br>       Defendants. ) | No. 01 C 8025 <br><br> Magistrate Judge Mason |

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

Plaintiffs Chicago District Council of Carpenters Pension Fund, et al. (the "Trust Funds") sued Wauconda Roofing Co., Inc., Prate Installations, Inc., and Michael A. Prate (collectively, "Prate") for failure to make sufficient contributions to the Trust Funds on behalf of their unionized workers pursuant to Section 502 of the Employee Retirement Income Security Act ("ERISA") and Section 301 of the Taft-Hartley Act, 29 U.S.C. §§ 1132 and 185, respectively. On July 12, 2002, the parties settled the lawsuit. As part of the parties' settlement agreement, Prate agreed to pay their workers by the hour, keep appropriate time records, assign all shingle tear-off work to the Carpenters Union, and pay benefit contributions to the Trust Funds for hours spent performing tear-off work.

Since the entering of the settlement agreement, Trust Funds has filed two motions to enforce the agreement. Before us now is Trust Funds' second motion to enforce. Trust Funds' first motion to enforce will be addressed in a separate opinion. In its second motion to enforce, Trust Funds alleges that Prate violated the parties'



settlement agreement when it failed to hire individuals from the Carpenters Union to perform a tear-off job at a residence in Wauconda, Illinois. Prate responded to Trust Funds' motion by admitting that it had hired carpenters from outside the Union, but asserting that it did so as an emergency measure only, as there were no Union carpenters available to perform the tear-off job at the time of the assignment, and it had been requesting workers from the Carpenters Union for several weeks without success. In essence, Prate admitted that it had violated the parties' agreement. At issue now are the remedies to be awarded to Trust Funds for Prate's breach of agreement.

Trust Funds requests five separate remedies. First, Trust Funds requests that Prate submit all requested documentation to establish the number of hours spent by Prate employees and subcontractors on the tear-off job at issue. Second, Trust Funds requests that Prate pay all delinquent contributions, liquidated damages and interest due as a result of the tear-off job. Third, Trust Funds requests that Prate pay all attorneys' fees associated with its preparation of the second motion to enforce and its act of "monitoring compliance" with the Court's previous order. Fourth, Trust Funds requests that Prate pay all auditor fees associated with confirming the number of hours Prate employees and subcontractors spent on the tear-off job at issue. And, fifth, Trust Funds requests that the Court convert the terms and conditions of the settlement agreement into an order of the Court, so that Prate will be subject to contempt proceedings in the event any future violations of the settlement agreement are committed. For the reasons discussed below, the Court grants all but one of Trust Funds' requested remedies.

As an initial matter, Prate has already agreed to pay all delinquent contributions,

2

liquidated damages and interest stemming from the tear-off job (the second request), as well as all auditor fees associated with confirming the number of hours worked on the tear-off job (the fourth request). Thus, Trust Funds' second and fourth requested remedies are not in dispute, and the Court orders Prate to pay the aforementioned contributions, damages, interest, and auditor fees to Trust Funds within two weeks of the date the amounts are submitted to Prate for payment.

Next, with respect to Trust Funds' request that Prate produce certain documentation to determine the number of hours spent by Prate employees and subcontractors on the tear-off job (the first request), we agree that Prate must produce such documentation as soon as possible. Although Prate asks this Court to postpone Trust Funds' review of the documents to the next scheduled audit, we find that Trust Funds need not wait until such time, and order Prate to turn over the requested books and records for purposes of an audit immediately.

With respect to Trust Funds' request for attorneys' fees for time spent preparing the second motion to enforce and monitoring compliance with the Court's order (the third request), Prate disputes having to pay such amounts, contending they are excessive in light of the fact that Trust Funds never communicated any demand to Prate for the remedies sought in this matter before filing its motion. Trust Funds argues, however, that an award of attorneys' fees is mandatory in this case based on *Chicago Dist. Council of Carpenters Pension Fund v. Sciortino Contractors, Inc.*, 934 F. Supp. 277 (N.D. Ill. 1996). In *Sciortino*, the court held that when "a judgment in favor of the plan" is awarded in an action brought by a pension plan against an employer for delinquent contributions, the court shall award: (A) the unpaid contributions, (B) interest,

3

(C) liquidated damages (or interest, if greater), (D) reasonable attorney's fees and costs, and (E) any other appropriate relief. Id. at 278 (citing 29 U.S.C. § 1132(g)(2)). The *Sciortino* court held that a "judgment in favor of the plan" is awarded when a court orders the defendant to turn over its books and records or when judgment is entered in favor of the pension fund for the delinquent contributions owed. Id. at 278-79 (citations omitted). The court further noted that this award is mandatory. Id. at 278-79. We find the *Sciortino* case to be instructive here, in that the Court has ordered Prate to turn over its books and records for purposes of an audit and pay the delinquent contributions owed for Prate's violation of the parties' agreement. Moreover, we find such award to be reasonable, and not excessive, due to Prate's violation of the agreement so soon after it had been reached. Thus, the Court finds that Trust Funds is entitled to its *reasonable* attorneys' fees, including fees incurred in preparing the second motion to enforce (and briefs prepared in support thereof) and monitoring compliance with the Court's order.

Finally, Trust Funds requests that this Court convert the terms and conditions of the settlement agreement into an order of the Court. Trust Funds argues in favor of such conversion on the basis that Trust Funds has already had to file two separate motions to enforce, and converting the settlement agreement into a court order will subject Prate to contempt proceedings in the event of a further breach of the settlement agreement. "Standing alone, a settlement agreement is nothing more than a contract; the imprimatur of an injunction is required to render it a consent decree enforceable through contempt." *D. Patrick, Inc. v. Ford Motor Co.*, 8 F.3d 455 (7th Cir. 1993). In opposing this request, Prate argues that it would have been willing to comply with Trust

4

Funds' requests prior to the filing of the motion had it simply been given the chance to do so. Prate further asserts that it will operate its business in complete accordance with all agreements entered into by the parties. After reviewing the parties' arguments on this issue, the Court declines to convert the terms of the agreement into a court order at this time. Thus, Trust Funds' final requested remedy is denied.

For the reasons described above, Trust Funds' request for remedies is granted in part and denied in part. It is granted to the extent that Prate is ordered to produce its books and records immediately so that Trust Funds may establish the number of hours Prate employees and subcontractors worked on the tear-off job; to pay all delinquent contributions, liquidated damages and interest stemming from the tear-off work; to pay all auditor fees associated with confirming the number of hours worked by Prate employees and subcontractors on the tear-off job; and to pay all reasonable attorneys' fees associated with preparing the second motion to enforce the settlement agreement and monitoring compliance with the Court's order. It is denied to the extent that the parties' settlement agreement will not be converted into an order of the Court at this time. IT IS SO ORDERED.

**ENTER:**

**MICHAEL T. MASON**
**United States Magistrate Judge**

**Dated: April 3, 2003**